IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS<br>PENSION FUND, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>**BLUE NILE CONTRACTORS, INC.**<br><br>　　　　　　　　　　Defendant. | No. 4:21-cv-00053-WBG |

**PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT
BY THE COURT (PURSUANT TO RULE 55(b)(2),
FEDERAL RULES OF CIVIL PROCEDURE)**

Come now Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Greater Kansas City Laborers Vacation Plan, Construction Industry Laborers Training Fund Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund ("SMART" FUND); and their respective Trustees, plaintiffs in the above entitled cause, and move this Court for a Judgment by Default in the above entitled cause and show that the Complaint in the above was filed with this Court on January 27, 2021; that the Summons and Complaint were duly served on defendant to its Registered Agent Henok Tekeste, on January 29, 2021; and that no Answer or other defense has been filed by the defendant.

WHEREFORE, plaintiffs move this Court to make and enter the following Orders, Judgments and Decrees:

### COUNT I

1.　　For a Judgment in favor of plaintiff, Construction Industry Laborers Pension Fund, and against defendant in the amount[1] of **TWENTY-SEVEN THOUSAND, EIGHT HUNDRED NINE AND 70/100**

---

[1] Damages amounts as set forth in this instant motion from default vary from the amounts set forth in the Complaint because of a recalculation by the Plaintiffs' auditor of liquidated damages.

($27,809.70) Dollars in unpaid fringe benefit contributions for the period **January 1, 2014 through April 30, 2018**, FIVE THOUSAND FIVE HUNDRED SIXTY-THREE AND 80/100 **($5,563.80)** Dollars as and for liquidated damages and FOUR THOUSAND SEVEN HUNDRED SIXTY-THREE AND 68/100 **($4,763.68)** Dollars representing interest on the unpaid contributions; ONE THOUSAND TWENTY AND 60/100 **($1,020.60)** Dollars representing reasonable attorneys' fees; TWO THOUSAND, SIX HUNDRED SIXTY AND 00/100 **($2,660.00)** Dollars representing audit costs, for a total of FORTY-ONE THOUSAND, EIGHT HUNDRED SEVENTEEN AND 78/100 **($41,817.78)** Dollars; and for their costs herein incurred and expended, and that execution issue therefore.

2.  For an Order directing an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **May 1, 2018,** to date.

3.  For a Judgment in favor of plaintiff, Construction Industry Laborers Pension Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **May 1, 2018,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4.  For an Order that defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Construction Industry Laborers Pension Fund on behalf of employees working under the collective bargaining agreements.

5.  For an Order that defendant be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.  That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1.  For a Judgment in favor of plaintiff, Construction Industry Laborers Welfare Fund, and against defendant in the amount of **THIRTY-SEVEN THOUSAND, EIGHT HUNDRED TWO AND 15/100 ($37,802.15) DOLLARS** in unpaid fringe benefit contributions for the period **January 1, 2014 through April 30, 2018**, SEVEN THOUSAND, FIVE HUNDRED SEVENTEEN AND 17/100 ($7,517.17) DOLLARS as and for liquidated damages and SIX THOUSAND, FOUR HUNDRED THIRTY-SIX AND 13/100 ($6,436.13) DOLLARS representing interest on the unpaid contributions; ONE THOUSAND, TWO HUNDRED EIGHTY-THREE AND 03/100 ($1,283.03) DOLLARS representing reasonable attorneys' fees; THREE THOUSAND, THREE HUNDRED FORTY-FOUR AND 00/100 ($3,344.00) DOLLARS representing audit costs, for a total of FIFTY-SIX THOUSAND, THREE HUNDRED EIGHTY-TWO AND 48/100 ($56,382.48) DOLLARS; and for their costs herein incurred and expended, and that execution issue therefore.

2.  For an Order directing an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **May 1, 2018,** to date.

3.  For a Judgment in favor of plaintiff, Construction Industry Laborers Welfare Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said

agreements from **May 1, 2018,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. For an Order that defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Construction Industry Laborers Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. For an Order that defendant be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT III

1. For a Judgment in favor of plaintiff, Greater Kansas City Laborers Vacation Plan, and against defendant in the amount of EIGHT THOUSAND, THREE HUNDRED FORTY-ONE AND **50/100 ($8,341.50)** DOLLARS in unpaid fringe benefit contributions for the period **January 1, 2014 through April 30, 2018**, ONE THOUSAND, SIX HUNDRED FORTY-SIX AND **10/100 ($1,646.10)** DOLLARS as and for liquidated damages and ONE THOUSAND, FOUR HUNDRED NINE AND **37/100 ($1,409.37)** DOLLARS representing interest on the unpaid contributions; TWO HUNDRED SIXTY-TWO AND **44/100 ($262.44)** DOLLARS representing reasonable attorneys' fees; SIX HUNDRED EIGHTY-FOUR AND **00/100 ($684.00)** DOLLARS representing audit costs, for a total of TWELVE THOUSAND, THREE HUNDRED FORTY-THREE AND **41/100 ($12,343.41)** DOLLARS; and for their costs herein incurred and expended, and that execution issue therefore.

2. For an Order directing an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **May 1, 2018,** to date.

3. For a Judgment in favor of plaintiff, Greater Kansas City Laborers Vacation Plan, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **May 1, 2018,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. For an Order that defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Greater Kansas City Laborers Vacation Plan on behalf of employees working under the collective bargaining agreements.

5. For an Order that defendant be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT IV

1. For a Judgment in favor of plaintiff, Construction Industry Laborers Training Fund, and against defendant in the amount of **THREE THOUSAND, NINE HUNDRED SIXTY-SEVEN AND 71/100 ($3,967.71) DOLLARS** in unpaid fringe benefit contributions for the period **January 1, 2014 through April 30, 2018**, **EIGHT HUNDRED ONE AND 10/100 ($801.10) DOLLARS** as and for liquidated damages and **SIX HUNDRED EIGHTY-FIVE AND 89/100 ($685.89) DOLLARS** representing interest on the unpaid contributions; **ONE HUNDRED FORTY-FIVE AND 80/100 ($145.80) DOLLARS** representing reasonable attorneys' fees; **THREE HUNDRED EIGHTY AND 00/100 ($380.00) DOLLARS** representing audit costs, for a total of **FIVE THOUSAND, NINE HUNDRED EIGHTY AND 50/100 ($5,980.50) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. For an Order directing an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **May 1, 2018,** to date.

3. For a Judgment in favor of plaintiff, Construction Industry Laborers Training Fund, and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **May 1, 2018,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. For an Order that defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting

and payment of fringe benefit contributions to the Construction Industry Laborers Training Fund on behalf of employees working under the collective bargaining agreements.

5. For an Order that defendant be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT V

1. For a Judgment in favor of plaintiff, Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund ("SMART" Fund), and against defendant in the amount of THREE THOUSAND, ONE HUNDRED TWENTY-ONE AND 75/100 ($3,121.75) DOLLARS in unpaid fringe benefit contributions for the period **January 1, 2014 through April 30, 2018**, SIX HUNDRED EIGHTY AND 39/100 ($680.39) DOLLARS as and for liquidated damages and FIVE HUNDRED EIGHTY-TWO AND 54/100 ($582.54) DOLLARS representing interest on the unpaid contributions; TWO HUNDRED FOUR AND 11/100 ($204.11) DOLLARS representing reasonable attorneys' fees; FIVE HUNDRED THIRTY-TWO AND 00/100 ($532.00) DOLLARS representing audit costs, for a total of FIVE THOUSAND, ONE HUNDRED TWENTY AND 79/100 ($5,120.79) DOLLARS; and for their costs herein incurred and expended, and that execution issue therefore.

2. For an Order directing an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement by defendant during the period **May 1, 2018,** to date.

{00449408;CIL21-240;MJ }

7

Case 4:21-cv-00053-RK    Document 4    Filed 02/23/21    Page 7 of 9

3.     For a Judgment in favor of plaintiff, Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund and against the defendant for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **May 1, 2018,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4.     For an Order that defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to the Construction Industry Laborers Supplemental Medical and Retiree Targeted Fund on behalf of employees working under the collective bargaining agreements.

5.     For an Order that defendant be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6.     That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

/s/ Bradley J. Sollars
Bradley J. Sollars, No. 54931
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:   (816) 421-5788
Facsimile:   (816) 471-5574
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Motion for Judgment by Default by the Court, Suggestions in Support thereof, the Affidavit of Failure to Plead or Otherwise Defend In Support of Application For Entry For Default were filed electronically with the Clerk of the Court using the CM/ECF system; and a true and correct copy of each were sent postage prepaid by U.S. Mail, certified-return receipt requested, the 23rd day of February, 2021, to:

Henok Tekeste
Registered Agent
601 Spratley Avenue
Birmingham, MO 64161

                                                               */s/ Bradley J. Sollars*
                                                                Bradley J. Sollars